**QIU QIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3321–ag.

United States Court of Appeals, Second Circuit.

June 17, 2008.

David J. Rodkin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Stephen J. Flynn, Senior Litigation Counsel; Arthur L. Rabin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Qiu Qin Chen, a native and citizen of China, seeks review of a July 3, 2007 order of the BIA affirming the December 7, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her applications for asylum and withholding of removal. *In re Chen, Qiu Qin,* No. A95 687 549 (B.I.A. July 3, 2007), *aff'g* No. A95 687 549 (Immig. Ct. N.Y. City Dec. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). However,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, i.e., "minus" the arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, we review both the decisions of the BIA and the IJ, minus the IJ's frivolousness finding, which was vacated by the BIA. See *Yun–Zui Guan,* 432 F.3d at 394.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that the IJ's adverse credibility determination is sufficiently supported by his unchallenged demeanor finding and his observation of inconsistencies in Chen's testimony. We have emphasized that an IJ is in "the best position to dis-cern" whether an unresponsive applicant is "struggling to remember lines of a carefully crafted 'script,' " and here, Chen has not challenged the IJ's observation that she was doing so. See *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Accordingly, we defer to the IJ's demeanor finding and conclude that it provided proper support for his adverse credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, the record supports the IJ's observation that Chen twice testified that she gave birth to a child while also testifying that her single pregnancy was terminated by a forced abortion. That inconsistency was plainly material to Chen's family planning claim, and substantial when measured against the record as a whole. *See Zhou Yun Zhang,* 386 F.3d at 74. Similarly, we find no error in the IJ's finding that Chen testified inconsistently about whether she took leave from her job to hide her pregnancy or continued to work and took days off periodically. While we may have reached a different conclusion were we to have evaluated the record in the first instance, to the extent the IJ's finding finds support in the record, we will not disturb it. *See* 8 U.S.C. § 1252(b)(4)(B); *Siewe v. Gonzales,* 480 F.3d 160, 167–68 (2d Cir.2007).

These findings, when considered cumulatively, were a sufficient basis for the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case precludes success on Chen's claims for both asylum and withholding of removal, which were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006);

*Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, any error in the agency's other credibility findings does not warrant remand because, in light of the proper findings we have identified, we can confidently predict that the agency would reach the same result. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.